Argued February 25, affirmed as modified and
remanded March 18, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
CULBERTSON, *Appellant, and* CULBERTSON,
*Respondent.*

519 P2d 1060

*George M. Joseph,* Portland, argued the cause for
appellant. With him on the brief were Bemis, Breath-

ouwer & Joseph, Portland, and Thomas C. Beck and Miller, Beck & Parks, Salem.

*Robert L. Engle,* Woodburn, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Petitioner wife appeals from a marriage dissolution decree in which she claims the property division was inappropriate and the alimony award inadequate. We affirm the property division and modify the award to the wife for her support.

The parties are each in their early fifties. They remained married 26½ years, raised a family of five children, all of whom are emancipated except an 18-year-old daughter who is attending the Oregon State School for the Deaf. The husband inherited from his father, eight or nine years prior to the divorce, some farm land in Coos County, Oregon, valued upwards of $70,000, which the trial court awarded to him. The other principal asset of the parties was the family home. It had been sold by the parties and the court awarded petitioner the net proceeds from the sale which amounted to between $17,000 and $19,000. The trial court considered that it had the authority to take into account all assets of the parties including inherited properties in making distribution between them. In this case, however, it concluded in view of the husband's financial contributions to the marriage, the difficulties inherent in attempting to divide the real property, and other factors, that it was preferable to protect the wife with the award of the liquid assets

and support. In considering all circumstances we agree with the trial court's division of the assets.

However, as the trial court said:

"The issue of alimony * * * presents a difficult question. * * *"

The court allowed the wife $200 per month for two years "* * * to assist her in getting adjusted with steady employment." The petitioner wife has a history of emotional problems and her work experience and job training are limited. She is responsible for providing a home at least part of the time for the 18-year-old child who attends the deaf school. The respondent husband appears to be in good health. Based on his employment record he is capable of earning approximately $10,000 per year in his ordinary employment and more as a tugboat crewman. Under all of the circumstances we find that the trial court's award of $200 per month for two years does not provide the petitioner a support base for an adequate length of time. We conclude that a fair support award for her would be $200 per month until death or remarriage.

Affirmed as modified and remanded.